IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

RUDY B. PASTORA-CABRERA, )
)
Plaintiff, )
)
v. ) COMPLAINT
)
PAVERS, WALLS AND STAMPED CONCRETE, )
LLC, CJG PROPERTY INVESTMENTS, LLC, )
EDITH GRANCHO, and JOAQUIM GRANCHO, )
) Civil Action No.:
)
Defendants. )
)

I. PRELIMINARY STATEMENT

1. This is an individual action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), the NC Wage and Hour Act ("NCWHA"), N.C.Gen.Stat. § 95-25.1 *et seq.*, and the SC Payment of Wages Act, ("SCPWA"), S.C.Code Ann. § 41-10-10 *et seq.*, by one former employee against two closely held limited liability companies owned and operated by the husband and wife defendants as part of their road paving and concrete barrier enterprise in and around Charlotte, North Carolina and Fort Mill, South Carolina in and around Mecklenburg County, North Carolina, and in and around York County, South Carolina.

2. The defendant limited liability companies were and are part of a single business enterprise operated by their owner/managers defendants Edith Grancho and Joaquim Grancho since their creation one in 2008 and the other in 2017 in one or more counties in North Carolina and South Carolina that are listed in 28 U.S.C. §§ 113(c) and 121(7). This action is brought under the FLSA for unpaid overtime wages based upon the defendants' failure to pay the plaintiff the wages

he was due at 1½ times the regular rate of hourly wages that the defendants disclosed to the plaintiff as required by 29 U.S.C. §207(a)(1) when the defendants jointly and severally employed the plaintiff to perform hours worked in excess of forty hours in the same workweek.

3. For the work that the plaintiff performed in North Carolina when his hours worked in the same workweek totaled more than 40, the plaintiff also brings this action as an individual action under N.C.Gen.Stat. §§ 95-25.6, 95-25.13(1)-(2), and 95-25.22(a)-(a1) and 95-25.22(d) based upon the defendants' failure to pay the plaintiff all wages when due on his regularly scheduled payday for all hours worked in those same workweeks in North Carolina. This failure occurred when the defendants failed to pay plaintiff promised wages at 1½ times the regular rate of hourly wages that the defendants disclosed to the plaintiff pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) for all hours worked by the plaintiff in excess of 40 hours in the same workweek, and fabricated payroll records and wage statements to enforce an unwritten policy or practice with regard to wages that reduced the regular rate of hourly wages for which the defendants paid the plaintiff to pay him less than the amount of promised wages he was due for workweeks in which he worked more than 40 hours in the same workweek in violation of N.C.Gen.Stat. § 95-25.6, and 13 NCAC §§ 12.0803, and 12.0805(c).

4. For the work that the plaintiff performed in South Carolina when his hours worked in the same workweek totaled more than 40, the plaintiff also brings this as an individual action under S.C. Code Ann. §§ 41-10-30(A), 41-10-40(D), and 41-10-80(C) based upon the defendants' failure to pay the plaintiff all wages when due on his regularly scheduled payday for all hours worked in those same workweeks in South Carolina. This failure occurred when the defendants failed to pay plaintiff promised wages at 1½ times the regular rate of hourly wages that the

defendants disclosed to the plaintiff pursuant to S.C. Code Ann. § 41-10-30(A) without giving any written notification of any change in that regular rate at least seven days before the change in that regular rate became effective for all hours worked by the plaintiff in excess of 40 hours in the same workweek, and fabricated payroll records and wage statements to enforce an unwritten policy or practice with regard to wages that reduced the regular rate of hourly wages for which the defendants paid the plaintiff to pay him less than the amount of promised wages he was due for workweeks in which he worked more than 40 hours in the same workweek in violation of S.C. Code Ann. §§ 41-10-30(A), 41-10-40(D), and 41-10-80(C).

5. In the alternative, in the event that the plaintiff's employment in North Carolina by the defendants in excess of 40 hours in the same workweek is not covered by the FLSA, this action is brought under N.C.Gen.Stat. §§ 95-25.4 and 95-25.22(a)-(a1) of the NCWHA and the NCWHA statutes cited in ¶3 above of this Complaint based upon the defendants' failure to pay the named plaintiff all promised wages as described in ¶3 above and at the overtime rate required by N.C.Gen.Stat. § 95-25.4 that the defendants disclosed to him pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and at the rate required by N.C.Gen.Stat. § 95-25.4 when those wages were due pursuant to N.C.Gen.Stat. § 95-25.6 of the NCWHA for those workweeks in which the plaintiff worked in excess of forty hours in the same workweek.

6. Based upon his claims under 29 U.S.C. § 207 of the Fair Labor Standards Act, his NCWHA claims under N.C.Gen.Stat. §§ 95-25.6 and 95-25.13(1)-(2) that are described in ¶3 above, his SCWPA claims under the S.C. Code Ann. §§ 41-10-30(A), 41-10-40(D), and 41-10-80(C) that are described in ¶4 above, and the plaintiff's alternative claims under N.C.Gen.Stat. §§ 95-25.4, 95-25.6, and 95-25.13(1)-(2) of the NCWHA that are described in ¶5 above, the plaintiff

seeks payment of back wages and an equal amount of liquidated damages, attorney fees, interest, and costs under 29 U.S.C. §216(b) and N.C.Gen.Stat. §§95-25.22(a), (a1), and (d) for the work he performed in North Carolina when he worked more than 40 hours in the same workweek, and payment of back wages trebled, attorney fees, interest, and costs under S.C. Code Ann. § 41-10-80(C).

## II. JURISDICTION

7. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337, 29 U.S.C. § 216(b), and 28 U.S.C. §1367(a).

8. This Court has the power to grant declaratory relief pursuant to 28 U.S.C. Sections 2201 and 2202.

## III. VENUE

9. Venue over this action lies in this Court pursuant to 28 U.S.C. §§1391(b)(2), and 29 U.S.C. §216(b). At all times relevant to this action continuing through the present date, a substantial part of the events or omissions giving rise to this action by the plaintiff occurred in one or more of the counties listed in 28 U.S.C. § 113(c).

## IV. NAMED PLAINTIFF

9. Plaintiff Rudy G. Pastora-Cabrera was continuously and jointly employed as a laborer by the construction enterprises Pavers, Walls and Stamped Concrete, LLC and CJG Property Investments, LLC operated by defendants Edith Grancho and Joaquim Grancho beginning by at August 2014 until that employment was interrupted for about 2-3 months in 2016, and then re-employed by the defendants without interruption until in or about July 2019. All of the work that the plaintiff performed when he was jointly employed by those defendants during that time period

occurred in North Carolina with the exception that from in or about February 2018 through in or about June 2019 when the work the plaintiff performed occurred in South Carolina. The plaintiff presently lives in Charlotte, North Carolina.

V. DEFENDANTS

10. At all times relevant to this action, the defendant closely held for profit limited liability companies Pavers, Walls and Stamped Concrete, LLC (hereinafter referred to as "PWSC") and CJG Property Investments, LLC (hereinafter referred to as "CJG") were and continue to be a single business enterprise owned and operated by and under the common management of defendant Edith Grancho and her husband, defendant Joaquim Grancho, for common business purposes including but not limited to the provision of residential construction and housing services in and around Mecklenburg County, North Carolina and York County, South Carolina.

11. At all times relevant to this action, defendant PWSC specialized and continues to specialize in commercial and residential concrete work, which includes barrier walls, sidewalks, driveways and curb and gutter under the joint control of member-managers and owners Edith Grancho and her husband, Joaquim Grancho.

12. At all times relevant to this action, PWSC had its principal place of business at 1211 Cabin Creek Court, Fort Mill, South Carolina 29715. In addition, upon information and belief, PSCS parked, serviced and located the construction equipment and vehicles that PSCS owned and used in its commercial and residential concrete work at 6047 Tyvola Glen Circle, Charlotte, North Carolina 28217-6431.

13. At all times relevant to this action, CGS had its principal place of business at 140 Bingham Drive, Charlotte, North Carolina 28213. In addition, upon information and belief, CGS

parked, serviced and located the vehicles and equipment that CS owned and used in its commercial and residential real estate work at either 140 Bingham Drive, Charlotte, North Carolina 28213, and/or 6047 Tyvola Glen Circle, Charlotte, North Carolina 28217-6431.

14. Defendant PWSC was and is a limited liability company organized under the laws of the State of South Carolina in 2008 and authorized to do business on an intermittent basis in the State of North Carolina since 2013. At all times relevant to this action, its registered agent for service of process was and is Leonor Rico, 8318 Pineville-Mathews Road, Suite 280-F, Charlotte, North Carolina 28226, and its member/managers were and are Edith Grancho and Joaquim Grancho, 1211 Cabin Creek Court, Fort Mill, South Carolina 29715.

15. Defendant CJG was and is a limited liability company organized under the laws of the State of North Carolina in 2017 and authorized to do business in the State of North Carolina since 2017. At all times relevant to this action, its registered agent for service of process was and is Christine Carlini, 3804 Meeting Street, Indian Trail, North Carolina 28079, and its member/managers were and are Edith Grancho and Joaquim Grancho, 1211 Cabin Creek Court, Fort Mill, South Carolina 29715.

16. Upon information and belief, during each calendar year falling in the four year time period immediately preceding the date on which this action was filed, the single business enterprise of CJG and PWSC that was and continues to be owned by defendants Edith Grancho and Joaquim Grancho had a combined annual gross volume of sales made or business done of not less than $500,000 exclusive of excise taxes at the retail level that were separately stated.

17. During each calendar year falling in the four year time period immediately preceding the date on this action was filed, one or more employees of that same defendant

enterprise and all of the defendants and the named plaintiff and other employees of that same defendant enterprise handled goods or equipment that had moved in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) as part of their joint and several employment in that same defendant enterprise by all defendants. Those goods or equipment included, but were not limited, to the vehicles and some of the construction materials that the plaintiff and similarly situated employees handled and/or operated for the defendants as part of their regular employment duties for one or more of the defendants.

18. In 2016, 2017, 2018, and in 2019, the defendants also employed the plaintiff in commerce in the construction of concrete barriers, slope protection, and other concrete curbing for roads for interstate travel and in the production of goods for interstate commerce in the form of footings, reinforcing, gravel, concrete and finishing, retaining and structural walls using forms, shoring, pumps, waterproofing and backfill**.**

VI. FACTUAL ALLEGATIONS

19. The plaintiff was jointly and severally employed by each of the defendants in the defendants' enterprise that is described in ¶¶10-18 above to perform construction work for the defendants' customers in and around Mecklenburg County, North Carolina and in and around York County, South Carolina for the varying periods of time described in ¶¶9-18, inclusive, above of this complaint in that same enterprise. At all times relevant to this action, the defendants regularly employed and jointly employed in the defendants' enterprise a workforce of approximately 20 to 30 other employees in more than one construction crew that the defendants assigned to work at a number of different worksites on any given day.

20. During the entire time period that is described in ¶¶9-18, inclusive, above of this

Complaint, acting pursuant to N.C.Gen.Stat. § 95-25.13(1)-(2) and 29 C.F.R. § 516.4, the defendants posted and maintained written notices in a conspicuous place accessible to the plaintiff and his co-workers a written statement that was easily, readily, and promptly viewed for reading by the plaintiff and his co-workers that they would pay at the rate of 1½ times the regular rate of hourly pay to all employees paid on an hourly basis who performed more than 40 hours worked in the same workweek for the defendants.

21. The plaintiff worked as a laborer and equipment operator in one or more of those crews of workers that the defendants selected, hired, and employed in 2016, 2017, 2018, and 2019. During each of those same years, the defendants jointly employed

22. The defendants or their project supervisor Felipe Hernandez directed, controlled, and supervised the plaintiff's work on a day to day basis. Acting on the defendants' behalf, Mr. Hernandez recorded in a paper notebook by hand the start and stop times for hours worked for the defendants by the plaintiff and his co-workers. That direction and control included but was not limited to regular determinations as to the number of workers who would be assigned to work at a particular worksite as members of the crew in which the plaintiff worked on a daily basis, daily determinations as to the particular work assignments that the plaintiff and his fellow crew members were to perform on each day, and the particular work assignments to be performed by one or more other crews of workers on other concrete construction sites at which the defendants supplied other worker crews for other customers of the defendants as part of the defendants' enterprise.

23. The defendants provided and paid for workers' compensation insurance for the work performed by the plaintiff, the workers in the plaintiff's crew, and the other concrete construction workers that the defendants supplied to the defendants' customers as part of the

defendants' enterprise.

24. The defendants supplied, fueled, and maintained all of the major equipment and vehicles that were necessary for the day to day operation of the equipment and PowerCurber equipment that PWSC used to construct, provide, pour, or produce curbs, gutters, slope protection, sidewalks, footings, reinforcing, gravel, concrete and finishing materials, and to build retaining and structural walls with stairs, slopes, and radius using forms, shoring, pumps, waterproofing and backfill.

25. Acting in combination, the defendants supplied all of the funds to pay the plaintiff, the individual workers that were members of the crew of which the plaintiff was a member, determined their rates of pay, hours worked, and when and how they were paid.

26. In 2016 and continuing in 2017 through the workweek ending March 18, 2017, acting pursuant to N.C.Gen.Stat. § 95-25.13(1)-(2), the defendants disclosed to the plaintiff that his promised wages would be calculated at a regular rate of hourly pay of $16 per hour. During that entire time period, on the plaintiff's regularly scheduled payday the defendants made a partial payment on the plaintiff's regular scheduled payday at an hourly rate that was less than $16 per hour without any written or posted notice to the plaintiff before that scheduled payday of this change in the plaintiff's promised wages for less than the accurate total of hours worked during that weekly pay period towards the weekly wages that were due by one paycheck from which the defendants made all applicable wage tax, Medicare, and Federal Income Act (FICA) withholdings.

27. During the same time period described in ¶26 above, by separate check written by the defendants, the defendants paid the rest of the wages due the plaintiff for that same workweek

at the regular rate of $16 per hour without making or paying any of the required wage tax, Medicare, and Federal Income Act (FICA) withholdings or payments. In addition, with that separate and second wage check, the defendants often determined and disclosed the correct number of hours worked by a handwritten calculation that they attached as a post-it note to the second wage check to explain how the amount of that second check was calculated. For those workweeks during this same time period when the total of hours worked exceeded 40, the total of wages paid by the two checks described in this paragraph and in ¶26 above was only equal to the correct total of hours worked by the plaintiff for that workweek multiplied by the regular rate of $16 per hour without any payment of any extra compensation at 50% of the regular rate of $16 per hour.

28. Starting with the workweek ending with March 25, 2017 and continuing through the remainder of 2017, acting pursuant to N.C.Gen.Stat. § 95-25.13(1)-(2), the defendants disclosed to the plaintiff that his promised wages would be calculated at a regular rate of hourly pay of $18 per hour. During that entire time period, on the plaintiff's regularly scheduled payday the defendants made a partial payment on the plaintiff's regularly scheduled payday at an hourly rate that was less than $18 per hour without any written or posted notice to the plaintiff before that scheduled payday of this change in the plaintiff's promised wages for less than the accurate total of hours worked during that weekly pay period towards the weekly wages that were due by one paycheck from which the defendants made all applicable wage tax, Medicare, and Federal Income Act (FICA) withholdings.

29. During the same time period described in ¶28 above, by separate check written by the defendants, the defendants paid the rest of the wages due the plaintiff for that same workweek

at the regular rate of $18 per hour without making or paying any of the required wage tax, Medicare, and Federal Income Act (FICA) withholdings or payments. In addition, with that separate and second wage check, the defendants often determined and disclosed the correct number of hours worked by a handwritten calculation that they attached as a post-it note to the second wage check to explain how the amount of that second check was calculated. For those workweeks during this same time period when the total of hours worked exceeded 40, the total of wages paid by the two checks described in this paragraph and in ¶28 above was only equal to the correct total of hours worked by the plaintiff for that workweek multiplied by the regular rate of $18 per hour without any payment of any extra compensation at 50% of the regular rate of $18 per hour.

30. In January 2018 and continuing in 2019 through the last workweek that the plaintiff was employed by the defendants in July 2019, acting pursuant to N.C.Gen.Stat. § 95-25.13(1)-(2), the defendants disclosed to the plaintiff that his promised wages would be calculated at a regular rate of hourly pay of $20 per hour. During that entire time period, the defendants made a partial payment on the plaintiff's regularly scheduled payday at an hourly rate that was less than $20 per hour without any written or posted notice to the plaintiff before that scheduled payday of this change in the plaintiff's promised wages for less than the accurate total of hours worked during that weekly pay period towards the weekly wages that were due by paycheck from which the defendants made all applicable wage tax, Medicare, and Federal Income Act (FICA) withholdings.

31. During the same time period described in ¶30 above, by separate check written by the defendants, the defendants paid the rest of the wages due the plaintiff for that same workweek

at the regular rate of $20 per hour without making or paying any of the required wage tax, Medicare, and Federal Income Act (FICA) withholdings or payments. In addition, with that separate and second wage check, the defendants often determined and disclosed the correct number of hours worked by a handwritten calculation that they attached as a post-it note to the second wage check to explain how the amount of that second check was calculated. For those workweeks during this same time period when the total of hours worked exceeded 40, the total of wages paid by the two checks described in this paragraph and in ¶30 above was only equal to the correct total of hours worked by the plaintiff for that workweek multiplied by the regular rate of $20 per hour without any payment of any extra compensation at 50% of the regular rate of $20 per hour.

32. In the time period beginning with the date falling three chronological years immediately preceding the date on which this action was filed and ending with the date falling two chronological years immediately preceding the date on which this action was filed, the plaintiff worked at least four workweeks in which he performed more than 40 hours worked for the defendants in the defendants' enterprise described in ¶¶10-19 above in both North Carolina and South Carolina.

33. In the time period beginning with the date falling two chronological years immediately preceding the date on which this action was filed and ending with the date on which this action was filed, the plaintiff worked at least ten workweeks in which he performed more than 40 hours worked for the defendants in the defendants' enterprise described in ¶¶10-19 above in North Carolina and at least four workweeks in which he performed more than 40 hours worked for the defendants in the defendants' enterprise described in ¶¶10-19 above in South Carolina.

34. During all of calendar years 2016, 2017, 2018, and in 2019, the defendants failed to pay to plaintiff wages at the overtime rate required by 29 U.S.C. § 207(a)(1) for all hours worked over 40 in the same workweek that the defendants jointly and severally employed the plaintiff in the defendants' enterprise that is described in ¶¶10-19 above for the hours worked that are described in ¶¶20-33 above of this Complaint.

35. During all of calendar years 2016, 2017, 2018, and2019, the defendants failed to pay to plaintiff promised wages in violation of under N.C.Gen.Stat. § 95-25.13(1)-(2) and 13 NCAC §§ 12.0803 and 12.0805(c) at 1½ times the regular rate described or referred to in ¶¶20 and 26-31 above of this Complaint for all hours worked over 40 in the same workweek that the defendants jointly and severally employed the plaintiff in the defendants' enterprise that is described in ¶¶10-19 above of this Complaint.

36. As a direct and proximate result of the actions and omissions that are alleged in ¶34 above, when the plaintiff worked in excess of forty (40) hours per week in the same workweek he did not receive wages from the defendants at the rate and in the amount required by 29 U.S.C. § 207 or, in the alternative, in the amount required by N.C.Gen.Stat. § 95-25.4.

37. As a direct and proximate result of the actions and omissions that are alleged in ¶35 above, when the plaintiff worked in excess of forty (40) hours per week in the same workweek he did not receive wages when those wages were due from the defendants on their regular weekly payday at the rate and in the amount required by N.C.Gen.Stat. § 95-25.6 or, in the alternative, in the amount required by N.C.Gen.Stat. § 95-25.4.

38. During all of those same workweeks described in ¶¶19-31, inclusive, 33, 35, and 37 above, the plaintiff had and have an express or implied agreement with the defendants that one or

more of the defendants would pay them all promised wages when those wages were due on the regular payday for those wages at the rate and for the hours worked that the defendants disclosed to them pursuant to N.C.Gen.Stat. § 95-25.13(1)-(2) for all hours worked that the plaintiff performed for defendants in the defendants' enterprise as alleged above.

39. The defendants have not complied and, upon information and belief, will not comply with the express or implied agreement described in ¶38 above, and by failing to comply, has failed to pay the plaintiff all of the wages that the plaintiff was and is due when those wages were due on his regular payday in violation of G.S. § 95-25.6.

40. Long before 2016, each of the defendants was and continues to be an experienced employer who was and continues to be familiar with the FLSA, the NCWHA, and the SCPWA and the requirements of all of those statutes with respect to what they require and required with respect to the wage rate to be paid for work in excess of forty (40) hours in the same workweek, payment of promised wages when due at the promised rate, what is and was considered to be the regular rate at which an employee is employed, and when a person is considered to be an employee under the FLSA, the NCWHA, and the SCPWA. The defendants acted in reckless and willful disregard of the requirements of the FLSA and the SCPWA with respect to these matters, and as a consequence of this willful and reckless disregard of the rights of the plaintiff to payment of wages at the overtime rate required by 29 U.S.C. § 207(a) and the payment of all wages when due at the promised rate, the rights of the plaintiff under 29 U.S.C. § 207(a) and under the SCPWA have been violated for the entire three-year time period immediately preceding the date on which this action was filed.

VII. <u>FIRST CLAIM FOR RELIEF (FLSA § 207)</u>

41. Paragraphs 7 through 34, 36, and 40 above are realleged and incorporated herein by reference by the plaintiff against all defendants.

42. The defendants did not pay all wages due to the named plaintiff at the rate required by 29 U.S.C. § 207(a) for the work described in ¶¶9-34, inclusive, 36, and 40 above of this Complaint that was part of the defendants' enterprise that is described in ¶¶10-18 above.

43. As a result of the willful and reckless disregard of the right of the plaintiff above to payment of wages at the overtime rate required and described in 29 U.S.C. § 207(a), the plaintiff has suffered damages in the form of unpaid wages and liquidated damages that may be recovered under 29 U.S.C. §216(b).

VIII. SECOND CLAIM FOR RELIEF (NCWHA §§ 95-25.6 & 95-25.13(1)-(2))

44. Paragraphs 7 through 33, inclusive, 35, and 37-39, inclusive above are realleged and incorporated herein by reference by the plaintiff against all defendants for the hours worked that he performed for defendants in North Carolina.

45. The defendants did not pay and will not pay all wages due when those wages were and will be due to the named plaintiff for the work described in ¶¶7 through 33, inclusive, 35, and 37-39 above of this Complaint in violation of the agreement described in ¶¶38-39 above of this Complaint, the disclosures described in ¶¶20, 26, 28, and 30 above, and N.C.Gen.Stat. §§ 95-25.13(1)-(2), and 95-25.6.

46. As a result of these actions of the defendants in violation of the rights of the plaintiff, the plaintiff has suffered damages in the form of unpaid wages, interest on unpaid wages, and liquidated damages that may be recovered under N.C.Gen.Stat. §§95-25.22(a) and 95-25.22(a1).

IX. THIRD CLAIM FOR RELIEF (SCPWA S.C. Code Ann. §§ 41-10-30, 41-10-40, and 41-10-80)

47. Paragraphs 7 through 33, inclusive, 35, and 37-39, inclusive above are realleged and incorporated herein by reference by the plaintiff against all defendants for the hours worked that the plaintiff performed for defendants in South Carolina.

48. The defendants did not pay and will not pay all wages due when those wages were and will be due to the named plaintiff for the work described in ¶¶7 through 33, inclusive, 35, and 37-39 above of this Complaint in violation of the agreement described in ¶¶38-39 above of this Complaint, the disclosures described in ¶¶20, 26, 28, and 30 above, and S.C.Code Ann. §§ 41-10-30(A) and 41-10-40(D).

49. As a result of these actions of the defendants in violation of the rights of the plaintiff, the plaintiff has suffered damages in the form of unpaid wages, interest on unpaid wages, and treble damages that may be recovered under S.C.Code Ann. § 41-10-80(C).

X. THIRD CLAIM FOR RELIEF (Alternative Claim - NCWHA § 95-25.4)

50. In the alternative to the First Claim for Relief alleged in ¶¶41-43 above of the complaint, in the event that the plaintiff's employment by the defendants is not covered by the FLSA, ¶¶7 through 33, and 35-39, inclusive, above are realleged and incorporated herein by reference by the named plaintiff against all defendants under the NCWHA and the SCPWA.

51. The defendants did not pay and will not pay all wages due when those wages were and will be due to the plaintiff for the work described in ¶¶9-33, inclusive, and 35-39, inclusive, above of this Complaint in violation of N.C.Gen.Stat. §§ 95-25.4 and 95-25.6 and S.C.Code Ann. §§ 41-10-30(A) and 41-10-40(D).

52. The defendants did not pay all wages due when those wages were due at the rate required by N.C.Gen.Stat. § 95-25.4 and S.C.Code Ann. §§ 41-10-30(A) and 41-10-40(D) to the plaintiff for the work described in ¶¶9-33, inclusive, and 35-39, inclusive, above of this Complaint in violation of N.C.Gen.Stat. §§ 95-25.4 and 95-25.6 and S.C.Code Ann. § 41-10-40(D).

50. As a result of these actions of the defendants in violation of the rights of the plaintiff under N.C.Gen.Stat. §§ 95-25.4 and 95-25.6 and S.C.Code Ann. §§ 41-10-30(A) and 41-10-40(D), the plaintiff has suffered damages in the form of unpaid wages, interest on those unpaid wages, and liquidated damages that may be recovered under N.C.Gen.Stat. §§95-25.22(a) and 95-25.22(a1) and S.C.Code Ann. § 41-10-80(C).

WHEREFORE Plaintiff respectfully requests that the Court:

(a) Grant a jury trial on all issues so triable;

(b) Enter judgment under the FLSA against defendants Pavers, Walls and Stamped Concrete, LLC, CJG Property Investments, LLC, Edith Grancho, and Joaquim Grancho, , jointly and severally, and in favor of the plaintiff for compensatory damages against the defendants Pavers, Walls and Stamped Concrete, LLC, CJG Property Investments, LLC, Edith Grancho, and Joaquim Grancho under the First Claim for Relief in an amount equal to the total of the unpaid wages due the plaintiff for any workweek in which the plaintiff performed any of the work described in ¶¶9-34, inclusive, 36, and 40 above of the Complaint, plus an equal additional amount as liquidated damages under 29 U.S.C. § 216(b), plus any interest in the manner and at the rate authorized by law under 29 U.S.C. § 216(b);

(c) Enter judgment under the NCWHA against defendants Pavers, Walls and Stamped Concrete, LLC, CJG Property Investments, LLC, Edith Grancho, and Joaquim Grancho, jointly and

severally, and in favor of the plaintiff for compensatory damages against the defendants Pavers, Walls and Stamped Concrete, LLC, CJG Property Investments, LLC, Edith Grancho, and Joaquim Grancho under the Second Claim for Relief in an amount equal to the total of the unpaid wages due the plaintiff under N.C.Gen.Stat. §§ 95-25.6, 95-25.13(1)-(2), 13 NCAC Tit. 12 §§ .0803 and .0805, and 95-25.22(a) for any workweek in which the plaintiff performed any of the work in North Carolina that is described in ¶¶9-33, inclusive, 35, and 37-39, inclusive, above of the Complaint, plus an equal additional amount as liquidated damages under N.C.Gen.Stat. § 95-25.22(a1), plus any interest in the manner and at the rate authorized by N.C.Gen.Stat. § 95-25.22(a);

(d) Enter judgment under the SCPWA against defendants Pavers, Walls and Stamped Concrete, LLC, CJG Property Investments, LLC, Edith Grancho, and Joaquim Grancho, jointly and severally, and in favor of the plaintiff for compensatory damages against the defendants Pavers, Walls and Stamped Concrete, LLC, CJG Property Investments, LLC, Edith Grancho, and Joaquim Grancho under the Second Claim for Relief in an amount equal to the total of the unpaid wages due the plaintiff under S.C.Code Ann. 41-10-80(C) for any workweek in which the plaintiff performed any of the work in South Carolina that is described in ¶¶9-33, inclusive, 35, and 37-39, inclusive, above of the Complaint, plus treble the amount of those unpaid wages as liquidated damages under S.C.Code Ann. 41-10-80(C), plus any interest in the manner and at the rate authorized by S.C.Code Ann. 41-10-80(C);

(e) in the alternative to the relief prayed for in ¶(b) above under the FLSA, enter judgment under the NCWHA against defendants Pavers, Walls and Stamped Concrete, LLC, CJG Property Investments, LLC, Edith Grancho, and Joaquim Grancho, jointly and severally, and in favor of the plaintiff for compensatory damages against the defendants Pavers, Walls and Stamped

Concrete, LLC, CJG Property Investments, LLC, Edith Grancho, and Joaquim Grancho under the Third Claim for Relief in an amount equal to the total of the unpaid wages due the plaintiff under N.C.Gen.Stat. §§ 95-25.4, 95-25.6, 95-25.13(1)-(2), 13 NCAC Tit. 12 §§ .0803 and .0805, 95-25.22(a), and S.C.Code Ann. §§ 41-10-30(A), 41-10-40(D), and 41-10-80(C) for any workweek in which the plaintiff performed any of the work described in ¶¶9-33, inclusive, 35, and 37-39, inclusive, above of the Complaint, plus an equal additional amount as liquidated damages for the hours worked in North Carolina, or treble damages for the hours worked in South Carolina under N.C.Gen.Stat. § 95-25.22(a1) and S.C.Code Ann. § 41-10-80(C), plus any interest in the manner and at the rate authorized by N.C.Gen.Stat. § 95-25.22(a) and S.C.Code Ann. § 41-10-80(C);

(f) Award the plaintiff the costs of this action against the defendants, jointly and severally;

(g) Award the named plaintiff reasonable attorney fees under and N.C.Gen.Stat. §95-25.22(d), S.C.Code Ann. § 41-40-80(C), and 29 U.S.C. §216(b) against the defendants, Pavers, Walls and Stamped Concrete, LLC, CJG Property Investments, LLC, Edith Grancho, and Joaquim Grancho, jointly and severally;

(h) Award prejudgment and post judgment interest against the defendants, Pavers, Walls and Stamped Concrete, LLC, CJG Property Investments, LLC, Edith Grancho, and Joaquim Grancho, jointly and severally, at the highest amount authorized by applicable law on any amount of monetary damages awarded for back wages as requested in paragraph (c), (d), and/or (e) of this Prayer for Relief based upon such date(s) as may be appropriate under applicable law;

(i) Award such other relief as may be just and proper in this action.

This the 3rd day of September, 2019.

LAW OFFICE OF ROBERT J. WILLIS, P.A.

BY:/s/Robert J. Willis
Robert J. Willis
Attorney at Law
NC Bar #10730
(mailing address)
P.O. Box 1828
Pittsboro, NC 27312
Tel:(919)821-9031
Fax:(919)821-1763
(street address)
488 Thompson Street
Pittsboro, NC 27312
Counsel for Plaintiff
rwillis@rjwillis-law.com