# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-427-FDW-DCK

| | |
|---|---|
| RUDY G. PASTORA-CABRERA, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| PAVERS, WALLS AND STAMPED CONCRETE, LLC; CJG PROPERTY INVESTMENTS, LLC; EDITH GRANCHO, and JOAQUIM GRANCHO, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Motion To Quash Deposition Subpoenas And For Entry Of Protective Order" (Document No. 14) filed April 20, 2020. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

By the instant motion, Defendants seek to quash deposition subpoenas issued to three nonparty witnesses, without prejudice, and for the entry of a protective order regarding a notice of deposition issued to Defendant Joaquim Grancho. (Document No. 14, p. 1). Defendants note that on or about March 7, 2020, Plaintiff served deposition notices and subpoenas for nonparty witnesses Claudia Grancho, Felipe Hernandez, and Alcides Gonzales, as well as a deposition notice for Joaquim Grancho. Id. These depositions are scheduled to be held on April 27 and 28, 2020. Out of concerns related to the "current outbreak of the COVID-19 virus," Defendants seek to postpone the depositions for at least thirty (30) days. (Document No. 14, p. 2).

"Plaintiff's Memorandum Of Law In Qualified Opposition To Defendants' Motion…" (Document No. 16) was filed on April 21, 2020. In part, Plaintiff argues that Defendants lack standing to seek to quash deposition subpoenas issued to third party deponents. (Document No. 16, pp. 2, 8). However, Plaintiff indicates that he does not oppose extending the proposed depositions for thirty (30) days to May 27-28, 2020, under certain conditions.

As an initial matter, the undersigned notes that the Court held a telephone conference with counsel for the parties less than one (1) month ago to address other discovery disputes. The undersigned's memory is that the parties and the Court all acknowledged that the current pandemic might require additional flexibility and creativity to complete discovery in this case, and that the Court was willing to work with the parties' proposal(s) for amendment of the case deadlines. It is discouraging that despite the time spent by the Court on that call, the parties already have another dispute – one which seems easily resolvable. Moreover, it does not appear that the parties fully complied with Local Rule 7.1(b) or the requirements of Judge Whitney's Case Management Order before initiating this new round of discovery-related briefing. See (Document No. 10, pp. 4-5).

In short, the undersigned agrees that the proposed depositions should be postponed until at least May 27-28, 2020. Counsel for the parties shall confer in good faith via telephone and/or the video capable technology of their choice, on or before **April 24, 2020**. The Court expects counsel to agree on new dates for the proposed depositions, and to the extent possible, to agree on procedures to minimize the costs and risks of re-setting the deposition dates for all concerned. In addition, counsel shall discuss appropriate measures to protect the health and safety of all participants in the proposed depositions, including the *possibility* of conducting some or all of the depositions by video.

**IT IS, THEREFORE, ORDERED** that Defendants' "Motion To Quash Deposition Subpoenas And For Entry Of Protective Order" (Document No. 14) is **GRANTED**. The depositions shall be rescheduled for dates **on or after May 27-28, 2020**, as directed herein.

**SO ORDERED**.

David C. Keesler
United States Magistrate Judge

Signed: April 22, 2020